GEORGE ROGERS, Respondent, *v.* JOHN H. MURRAY *et al.*, Appellants.

*Court of Appeals, October* 2, 1888.

Affirming same case, 38 Hun, 640, Mem.

1. *Appeal. Findings.*—The finding of the referee on the disputed questions of fact, confirmed by the general term, is conclusive on the court of appeals.
2. *Partnership. Proof.*—A copartnership may be established as well by circumstances, declarations and conduct, as by direct proof.
3. *Evidence. Estoppel.*—The declaration of a party in charge of the business, that the defendants were copartners, was not competent to prove such fact, but is plainly admissible as one of the essential elements to a recovery on the ground of equitable estoppel. A recovery on this ground cannot be supported, unless supplemented by proof that the defendants authorized or acquiesced in the making of the representation. The failure to give such additional proof will not make the admission of evidence upon that issue, which was relevant, though incomplete, illegal.
4. *Same. Harmless.*—An incidental and collateral piece of evidence, of very little importance, and from which no injury was sustained by the appellants, constitutes no sufficient ground for reversing the judgment.

Appeal from a judgment of the general term of the supreme court, affirming a judgment in favor of the plaintiff entered upon the report of a referee.

*Frederick Collin,* for appellant.

*Alex. Cumming,* for respondent.

ANDREWS, J.—We think there was evidence given on the part of the plaintiff of conduct and declarations of the defendants Murray and Holbert, and of circumstances, which authorized the finding of the referee that they were interested with the Herricks as copartners in carrying on the

Waverly Bank. The evidence connecting Holbert is much less direct and convincing than in the case of Murray. But as to him the circumstances are very suggestive. He was a stockholder to the extent of $4,500 in the Waverly National Bank and a director. The Waverly Bank, which was a private and unincorporated institution, commenced business on the first day of April, 1872, twenty days before the appointment of a receiver of the Waverly National Bank. The credits of the depositors on the books of that institution, and the debit balances against them were entered on the books of the Waverly Bank, and from that date the business of the new institution was carried on at the same place and in the same banking rooms previously occupied by the Waverly National Bank, upon premises owned by that bank. The two Herricks, sons of Edward C. Herrick, held the same positions in the Waverly Bank as in the Waverly National Bank, and were the managing officers in both institutions.

Holbert's bank account in the Waverly National Bank was transferred to the Waverly Bank, and early in May, a large printed card was placed in the window of the banking house containing in large letters the words "Waverly Bank," and in smaller letters beneath the word "Directors," followed by the names of the defendants and the other persons who had been directors in the Waverly National Bank. This card remained in the window several weeks open to the observation of every person entering the building or passing along the street. About the same time small cards of the same general character were printed and left on the desk and also inside the counter of the bank, where they could be seen by depositors and others, and the defendant Murray distributed them among persons in the village.

This evidence was supplemented by evidence that Holbert accompanied one of the Herricks to the printing office, when Herrick ordered the printing of the small cards;

that during the year 1872 he was occasionally in the bank, conversing with the Herricks in relation to its business; that on one occasion, shortly before its failure in 1873, he requested to see the discount ledger; that during the year commencing in May, 1872, he indorsed paper to raise money for the bank to quite a large amount, and it was proved that just prior to the bank's failure, in 1873, he was asked by one Mills: " What about the bank; they seem to be in trouble?" And replied: " The bank is all right; they are only a little hard up at present and they will be all right in a few days." Mills then said: " Murray claims he has nothing to do with the bank," and Holbert replied: " There is no use of his denying it; he is just as much one of the directors as I am, and I am." The witness said he may have used the word stockholder instead of director, " but he used one or the other."

The plaintiff made no proof of any actual agreement of copartnership between the Herricks and the defendants. But, we think, from the facts and circumstances proved on the part of the plaintiff, an agreement was inferable that the parties interested in the Waverly National Bank continued the banking business under the name of the Waverly Bank. It was alike the interest and duty of the defendants Murray and Holbert to acquaint themselves with the disposition made of the assets of the Waverly National Bank, and it is difficult to believe that they did not in fact know, or that they were not cognizant of the fact, that the business was being conducted as a private enterprise upon the joint credit of the persons interested in the National Bank. They, it is true, denied that they were copartners, and their testimony is in direct conflict with that of the plaintiff's witnesses on the material points. The Herricks were not called as witnesses. On the disputed questions of fact the finding of the referee, confirmed by the general term, is conclusive in this court. A copartnership may be established as well by circumstances, declarations and con-

duct as by direct proof. The probative force of the circumstances proved is a question for the triers of the fact, provided they legally tend to establish the issuable fact. We think there were no material errors in the admission of testimony.

The declaration of the Herricks, made to the plaintiff at the time he made his deposits, were not competent to prove that the defendants Murray and Holbert, were copartners in the business. They were not admitted for that purpose. The referee expressly ruled that they were admissible only as tending to show that the plaintiff relied upon the representations of the Herricks, that the defendants Murray and Holbert were copartners. It was plainly admitted as bearing upon the point of equitable estoppel, and the fact proved was one of the essential elements to a recovery on that ground, but until supplemented by proof that the defendants authorized or acquiesced in the making of the representations, a recovery on that ground could not be supported. If the additional proof was not given, the plaintiff would fail to establish the estoppel, but it would not make the admission of evidence upon that issue, which was relevant, though incomplete, illegal. See Thompson *v.* First National Bank of Toledo, 111 U. S. 529–541.

The evidence that the plaintiff made inquiries subsequently as to the responsibility of the parties, and received from the Herricks, answers which satisfied him, and that he continued the deposit, upon the assurance that Murray and Holbert were members of the firm, was received under the same limitation as the evidence first mentioned, and its reception was justified for the same reasons. Assuming that there was a technical error in permitting the witness Bray, that he called attention to his conversation with the witness William Holbert, immediately after it occurred, we are of opinion that it constitutes no sufficient ground for reversing the judgment. It was an incidental and collateral piece of evidence, of very little im-

Opinion of the Court, by FINCH, J.

portance, and from which no injury, we are satisfied, was sustained by the appellants.

The findings of the referee being supported by the evidence, and no material error having been committed on the reception or rejection of evidence, the judgment should be affirmed.

All concur.